IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JONATHAN MEIER, MICHAEL RAY
TURNER, BENITO MIGUEL CURIEL,
CRAIG CARNELL PICKENS, and
SHANNON IVORY,[1]

                    Plaintiffs,

          vs.

LONG, cpl, Individual and Official capacity;
BECKY, Ms., Account/Funds Handler,
Individual and Official capacity;
UNKNOWN, cpl, Shield Number 97092,
Individual and Official capacity;
UNKNOWN, sgt, Individual and Official
capacity;  UNKNOWN, cpl, Shield Number
97051, Individual and Official capacity;
UNKNOWN SHERIFF, Sheriff, Individual
and Official capacity;  BRANDON, Head
United States Marshal, Individual and
Official capacity;  JON, Shield Number 52,
Individual and Official capacity;
UNKNOWN, Nurse, Individual and Official
capacity;  UNKNOWN, Doctor, Individual
and Official capacity; and  UNKNOWN,
Capt, Individual and Official capacity;

                    Defendants.

**8:24CV389**

**MEMORANDUM AND ORDER**

This matter is before the Court for case management. Jonathan Meier ("Meier"),

who is currently incarcerated at Dakota City Jail in Dakota City, Nebraska, filed a

Complaint in the United States District Court for the Northern District of Iowa on

September 27, 2024, concerning prison conditions at the Dakota City Jail ("DCJ").  Filing

No. 5.  Meier also filed a motion to proceed in forma pauperis (the "IFP Motion").  Filing

---

[1] The Court's docket sheet incorrectly lists this plaintiff as "Shannon Turner."  The Court has updated the caption to this plaintiff's correct name, "Shannon Ivory."  *See* Filing No. 5.

No. 1.  The case was transferred to this Court on October 1, 2024.  Filing No. 4; Filing No. 6.  The Complaint, Filing No. 5, and the IFP Motion, Filing No. 1, were signed by Meier and four other prisoners, Michael Ray Turner ("Turner"), Benito Miguel Curiel ("Curiel"), Craig Carnell Pickens ("Pickens") and Shannon Ivory ("Ivory") (collectively "Plaintiffs"), who are also housed at the DCJ.

Prisoners are allowed to file joint civil rights complaints in this district if the criteria of permissible joinder under Federal Rule of Civil Procedure 20 are satisfied.  However, pursuant to the Prison Litigation Reform Act, each prisoner in a joint action must pay the full civil filing fee.  See Cole v. Houston, No. 4:06cv3314, 2007 WL 1309821 (D. Neb. March 30, 2007).  In other words, each prisoner in a joint action must pay the full civil filing fee, just as if he had filed the suit individually.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, this Court will alert Plaintiffs to the individual payment requirement, as well as other risks they face in joint pro se litigation.[2]  Therefore, the Court offers non-lead Plaintiffs Turner, Curiel, Pickens and Ivory[3] an opportunity to withdraw from this litigation before the case progresses further. Each of these co-plaintiffs may wish to take the following points into consideration when making their decision:

---

[2] This notice is modeled after the Court's order in Kirkendall v. Justus, Case No. 14-cv-772-JPG, 2014 WL 3733971 (S.D.Ill. July 29, 2014) (providing notice to prisoners of the potential negative consequences of joining group litigation).

[3] The Court designates Plaintiff Meier, who is listed first on the Complaint, as the "lead plaintiff" for purposes of this order because the Complaint and the motions filed to date indicate that he has taken the initiative to bring this action.

- Each must pay the full $350 filing fee, either in installments or in full, regardless of whether this action is dismissed, severed, or allowed to proceed as a group complaint.

- Each will be held legally responsible for knowing precisely what is being filed in the case on their behalf.

- Each will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- Each will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, each will be required to prosecute their claims in a separate action and pay a separate filing fee for each new action.

Plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See* Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

Additionally, while Plaintiffs have each signed the IFP motion, Filing No. 1, filed with the Complaint, the motion fails to comply with 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. All plaintiffs seeking to proceed IFP must individually qualify for IFP status. *See Anderson v. California*, No. 10 CV 2216 MMA

AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.").  However, the IFP Motion does not comply with the terms of 28 U.S.C. § 1915, as the statute requires each plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor".  *See* 28 U.S.C. § 1915(a)(1).  "[S]omething more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*."

*Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984).  In other words,

> [a]n applicant need not prove that she is absolutely destitute to enjoy the benefit of the in forma pauperis statute; rather, she must demonstrate that because of her poverty she cannot pay or give security for the costs of the action and still be able to provide herself and dependents with the necessities of life.

*Fitzsimmons v. Wagner*, No. 3:15-CV-18, 2015 WL 12834379, at *1 (S.D. Iowa Feb. 10, 2015) (cleaned up) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458–59 (8th Cir. 2000)).  Here, the IFP motion contains no sworn statement of assets each plaintiff possesses, or any indication of their individual personal finances.  Filing No. 1.

Accordingly, the Court will deny the IFP motion at Filing No. 1 without prejudice to reassertion in a motion to proceed IFP that complies with 28 U.S.C. § 1915 filed by each Plaintiff individually.

IT IS THEREFORE ORDERED that:

1.     The non-lead Plaintiffs, Turner, Curiel, Pickens, and Ivory, shall have 30 days from the date of entry of this order in which to advise the Court whether they wish to continue as a Plaintiff in this group action.  If, by that deadline, any non-lead Plaintiff

advises the Court that they do not wish to participate in the action, they will be dismissed from the lawsuit and will not be charged a filing fee for this action.[4]  **This is the only way to avoid the obligation to pay a filing fee for this action.**

Alternatively, if any Plaintiff (including lead Plaintiff Meier) wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee will be assessed.

2.      The IFP motion, Filing No. 1, is hereby denied without prejudice to reassertion in a motion to proceed IFP that complies with 28 U.S.C. § 1915 filed by Meier individually.  Meier is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days.  Failure to take either action will result in Meier's dismissal from this matter without further notice.  The Clerk's Office is directed to send the Form AO240 to Meier.

3.      Additionally, each non-lead Plaintiff, Turner, Curiel, Pickens, and Ivory, who choose to continue as a Plaintiff, either in this action or in a severed individual case, is hereby ORDERED to pay a fee of $405.00[5] or file a properly completed motion for leave to proceed IFP within 30 days from the date of this Memorandum and Order.  The Clerk's Office is directed to also send the Form AO240 to Turner, Curiel, Pickens, and Ivory.

Failure to submit a properly completed IFP motion does not relieve a non-lead Plaintiff of the obligation to pay a filing fee unless he also submits timely written notice that he does not intend to proceed with the action.  **Any non-lead Plaintiff who simply**

---

[4] As the lead Plaintiff, Meier may choose to voluntarily dismiss or sever his claims but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed.  *See* 28 U.S.C. § 1915(b)(1); *In re Tyler*, 110 F.3d 528, 529 30 (8th Cir. 1997).

[5] A Plaintiff whose application for pauper status is approved will be charged a filing fee of only $350.00, as he is not subject to the $55.00 administrative fee assessed to non-IFP plaintiffs.

**does not respond to this Memorandum and Order within 30 days will be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

4.      Plaintiffs are again WARNED that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

5.      Plaintiffs are further ADVISED that each of them is under a continuing obligation to keep the Court informed of any change in his address.

6.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 6, 2024**: check for response from non-lead Plaintiffs.

7.      The Clerk of Court is further directed to update the caption to change the name of Plaintiff "Shannon Turner" to "Shannon Ivory" to match the Complaint, Filing No. 5.

Dated this 8th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

6