IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JONATHAN MEIER,

Plaintiff,

vs.

LONG, cpl, Individual and Official capacity;
et. al.,

Defendants.

8:24CV389

MEMORANDUM AND ORDER

This matter is before this Court to perform its initial review of the Amended Complaint, Filing No. 61, filed by Johathan Meier ("Plaintiff") to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).  For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint in its current state fails to state a claim for which relief may be granted, but, in lieu of dismissal, Plaintiff shall be provided the opportunity to file a second amended complaint in compliance with this Memorandum and Order.

**I.  BACKGROUND**

Plaintiff, proceeding in forma pauperis,[1] initially filed his Complaint on September 27, 2024, in the Northern District of Iowa as a joint complaint (the "Complaint"), along with four other inmate-plaintiffs who were housed at the Dakota County Jail.[2]  Filing No. 5.  The matter was transferred to this Court on October 1, 2024.  Filing No. 6.  Upon initial review of the Complaint (and multiple supplements filed by Plaintiff and several other joint

---

[1] *See* Filing No. 55 (granting in forma pauperis).

[2] Although Plaintiff uses the "Dakota County Jail" and the "Dakota County Correctional Facility" interchangeably, this Court shall refer to the referenced institution as "DCC" (Dakota County Corrections) for the remainder of this Memorandum and Order.

plaintiffs), this Court determined that the parties could not proceed as joint-plaintiffs under Rule 20(a)(1) of the Federal Rules of Civil Procedure because it appeared the claims asserted did not arise out of the same transaction, occurrence, or series of transactions or occurrences. Filing No. 55 at 6–8. As a result, this Court determined that each of the joint plaintiffs must proceed individually, severing their claims into separate cases. Filing No. 55 at 10.

The Court also determined that while the Complaint (and supplements) contained claims alleging denial of access to the courts, cruel and unusual punishment, due process violations, deliberate indifference to medical needs, and liberty violations, the Complaint did not contain sufficient factual allegations to support each claim and/or it was not possible for this Court to determine which factual allegations related to each individual plaintiff. Filing No. 55 at 8–9. As a result of the Court's review of the claims in the Complaint, Plaintiff was ordered to file an amended complaint. Filing No. 55 at 11. In compliance, on March 18, 2025, Plaintiff filed his Amended Complaint. Filing No. 61.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff brings his suit under 42 U.S.C. § 1983 and under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of the First, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution against 16 individual defendants in their individual and official capacities as employees of the DCC, as well as the United States Marshals, the Dakota County Jail, and the Dakota County Sheriff's Department. Filing No. 61 at 2-9. Upon review, while some of Plaintiff's claims may potentially be cognizable, the Amended Complaint as pleaded is deficient in multiple ways, requiring amendment to proceed.  In lieu of pointing out each deficiency, the Court shall address the claims which cannot proceed and provide a general overview of the Amended Complaint's deficiencies and sua sponte grant Plaintiff leave to file a second amended complaint if he so chooses.

3

**A. *Bivens* Claims**

Plaintiff brings his claims in part under *Bivens*, suing each defendant in their individual and official capacities. *Id.* "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). Plaintiff appears to contend that *Bivens* applies because, although he was housed at a non-federal facility at the time his claims arose, he was a federal prisoner.[3] Plaintiff is incorrect as to all defendants aside from Defendant Brandon ("Brandon") who Plaintiff contends is the "Head United States Marshal," *see* Filing No. 61 at 2, but only if Brandon is a federal official involved in placing Plaintiff at DCC, *see Hecke v. Beck, No. 24-2909*, 2024 WL 5165598, at *4 (7th Cir. Dec. 19, 2024).

However, even if *Bivens* potentially applies to any named defendant, federal employees in their official capacities are considered federal agencies against which a *Bivens* action *cannot be brought*. *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994); *Buford*, 160 F.3d at 1203 (emphasis added). Therefore, Plaintiff's *Bivens* claims against all Defendants in their official capacities cannot proceed and shall be dismissed with prejudice.

In relation to Plaintiff's individual capacity *Bivens* claims, "[o]n only three occasions has the Supreme Court implied a cause of action under *Bivens*." *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019) (citing *Carlson v. Green*, 446 U.S. 14, 16-18 (1980) (allowing Eighth Amendment claim against federal prison officials who failed to treat a

---

[3] As discussed further *infra*, it is unclear whether Plaintiff was a federal pretrial detainee during the entire period covering the claims alleged.

prisoner's asthma); *Davis v. Passman*, 442 U.S. 228, 248 (1979) (permitting congressman's administrative assistant to sue for sex discrimination in violation of Fifth Amendment due process rights after congressman fired assistant); *Bivens*, 403 U.S. at 397 (allowing Fourth Amendment claim against federal agents for illegal arrest, strip search, and search of apartment without warrant)). "[N]o *Bivens* remedy has been implied for claims about conditions of confinement." *Hecke*, 2024 WL 5165598, at *4, n. 2. And, the Supreme Court has recently reminded us that recognizing new *Bivens* claims "is a disfavored judicial activity" and "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal quotation marks and citations omitted); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) (same). Therefore, to the extent any of the defendants qualify as federal officials, any claims against any defendant arising outside of claim alleging deliberate indifference to medical needs are unlikely to proceed.

As such, if Plaintiff intends to proceed against Defendant Brandon under *Bivens* he must allege both that Brandon is a federal official involved in placing Plaintiff at DCC and allege facts connecting Brandon to his deliberate indifference claim as discussed *infra*.

## B. Improper Defendants - §1983

Plaintiff's claims against the Dakota City County Sheriff's Department, the United States Marshal's service, and the Dakota County Jail must be dismissed as these parties are not proper defendants. Police and sheriff departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992); *De La Garza v. Kandiyohi County Jail,* 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's

departments and police departments are not usually considered legal entities subject to suit under § 1983).   "[C]ounty jails are [also] not legal entities amenable to suit." *Richmond v. Minnesota*, No. CIV. 14-3566 PJS/JSM, 2014 WL 5464814, at *3 (D. Minn. Oct. 27, 2014) (citing *Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir.2003) (per curiam)).   And, because the United States Marshal Service is a federal agency, it is also not amenable to suit under 42 U.S.C. § 1983, which does not apply to federal entities or officers. *See* 42 U.S.C. § 1983.

As Plaintiff cannot continue against these defendants, they must be dismissed with prejudice.

**C. Challenges to conviction and/or sentence – Claims 3 and 4**

Plaintiff spends a vast amount of time comparing the facilities at DCC with federal counterparts in Claim 3.  *See* Filing No. 61 at 16-20.  In support he cites to the following language in *United States v. Francis*: "No evidence exists to show that the Commission contemplated that federal pre-sentence detainees would be kept in any detention facilities except for federal facilities." 129 F. Supp. 2d 612, 616 (S.D.N.Y. 2001).  However, *Francis* addressed the ability of a federal inmate to seek a downward departure at sentencing where conditions of confinement in a state facility fell below those in federal institutions, not claims arising under §1983. *Id.* (citations omitted).  Challenges to a conviction and/or sentence must be pursued via filing a habeas claim. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Carter v. Bickhaus*, 142 F. App'x 937, 938, 2005 WL 1767942, at *1 (8th Cir. 2005).

In Claim 4, Plaintiff seeks to challenge the constitutionality of his trial or the terms of his sentence.  *See* Filing No. 61 at 21 (arguing Plaintiff was sentenced to additional

prison time not for new charges but for violations of the terms of his supervised release),[4] but §1983 is not the vehicle in which to do so. Again, the only forum available for Plaintiff to make such a challenge in a federal court is via the filing a federal habeas petition.

For this reason, Plaintiff's Claim 4 is subject to dismissal in its entirety without prejudice and Claim 3, to the extent Plaintiff seeks to rely on *Francis* to challenge the length of his sentence based on being housed in a non-federal facility pretrial, also cannot proceed and shall be dismissed with prejudice.

**D. Pleading Deficiencies – Federal Rule of Civil Procedure 8**

The limited nature of claims which Plaintiff may raise under *Bivens* and the defendants not subject to suit under §1983 are relatively inconsequential when reviewing Plaintiff's Amended Complaint in comparison to the lack of factual allegations connecting each claim to each related defendant. Although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is

---

[4] In support, Plaintiff further alleges multiple defendants:

> deprived [him] of life, liberty, due process, double jeopardy, cruel, certain rights, Due process clause, when in an agreement held [Plaintiff] against his will and then subjected [him] back to prison without [his] having any new criminal charges; only a violation of supervised release as [Plaintiff] served his full term of imprisonment and was released to supervised release on 8-28-23 was arrested at Oxford sober living house on August 16th 2024, then brought to Dakota County Jail with no new law infractions. . .

Filing No. 61 at 21.

and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Here, Plaintiff's Complaint fails to meet this minimal pleading standard for all remaining claims under §1983.

**1. Claim 1 – denial of access to law library facilities**

In Claim 1 Plaintiff alleges he was denied access by multiple defendants to a federal law library in violation of his "1st Amendment right to petition [and] access to the courts[] by physically not having a Federal law library at all." Filing No. 61 at 10.

Pre-trial detainees have a right to meaningful access to courts and to judicial process. *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989) (citing *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (state prisoners); *Younger v. Gilmore*, 404 U.S. 15 (1971)). A city or county must provide its pre-trial detainees either with "adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However, only the denial of access to both law libraries and persons trained in the

8

law violate a plaintiff's due process rights.  *Id.* (citing *Kelsey v. State of Minnesota*, 622 F.2d 956 (8th Cir. 1980)).  Put another way, the lack of a law library does not deny a pretrial detainee access to courts if he has an attorney.

While Plaintiff's claim may potentially be viable, it is unclear to this Court whether Plaintiff had counsel when he was denied access to the law library, and if so, when.  It is also unclear to this Court if Plaintiff's requested library access related to other matters for which he did not have counsel or if he had counsel for any matter at the time the requests were made.  This Court is also unable to determine which defendants denied him access to the library and at which times, outside of the descriptions provided in the copies of grievances Plaintiff filed.  Finally, it is unclear if Plaintiff alleges that the DCC has no law library of any kind, or if it has a law library, just not one suited to address federal matters.

As this Court cannot determine what matter (or matters) Plaintiff sought use of the law library for, when the denials took place and by whom and how those denials harmed him, whether he had counsel at the time, and the nature of the matter or matters for which Plaintiff required access to a law library, without amendment to provide additional factual detail, Claim 1 must be denied in its entirety.

### 2. Claim 2 – deliberate indifference to medical needs

In Claim 2, Plaintiff alleges what this Court construes as a deliberate indifference to medical needs conspiracy claim involving at least 8 defendants.  *See* Filing No. 61 at 10-16.  He alleges this claim against remaining defendants "Unknown Nurse" and other unnamed medical staff as well as unknown Sheriff, unknown Doctor, and Brandon.  *Id.* at 13, 32.

9

Under the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials are forbidden from "unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To establish deliberate indifference, Plaintiff must show (1) that he suffered from an objectively serious medical need and (2) that the jail officials had actual knowledge of that need but deliberately disregarded it. See *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). "A medical need is objectively serious if the medical need in question is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Hancock*, 39 F.4th at 425 (internal quotation marks and citation omitted). Deliberate indifference requires establishing that jail officials disregarded a known risk to a prisoner's health, requiring establishing a mental state akin to recklessness. *Id.* (internal quotation marks and citation omitted). The subjective element requires Plaintiff to plead that each defendant acted with a sufficiently culpable state of mind. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As described in *Roberson v. Goodman*, a plaintiff must show a prison official knew of and disregarded the objectively serious medical need. 293 F. Supp. 2d 1075, 1080 (D.N.D. 2003), *aff'd*, 114 F. App'x 772 (8th Cir. 2004) (citing *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002); *Miller v. Schoenen*, 75 F.3d 1305, 1309 (8th Cir. 1996) (citing *Estelle*, 429 U.S. at 105)).

However, "[d]eliberate indifference to the serious medical needs of pretrial detainees violates the [Fourteenth Amendment] right to due process," not the Eight Amendment. *Hancock v. Arnott*, 39 F.4th 482, 486 (8th Cir. 2022) (citing *Barton v. Taber*, 908 F.3d 1119, 1123 (8th Cir. 2018)). While it appears that at the time of the events at

issue in the Amended Complaint Plaintiff was a federal pre-trial detainee housed at DCC, a non-federal facility, while he awaited trial on federal charges, Plaintiff's Amended Complaint is less than clear. Plaintiff alleges that the events at issue occurred between August 2024 and October 2024, and in his Amended Complaint, filed on March 18, 2025, Plaintiff checks only the box for "convicted and sentenced federal prisoner" as his prisoner status.  *See* Filing No. 61 at 29.  Therefore, Plaintiff must clarify his incarceration status at the time the events at issue occurred to determine whether the Eighth or Fourteenth Amendment applies.

In addition, Plaintiff must provide factual details, which if true, establish that he had a serious medical need and that each remaining defendant named in Claim 2 knew of and disregarded it.  In support of Claim 2 Plaintiff alleges the following facts in support:

- Plaintiff has asthma, 2 nodes on his esophagus, a "hiena hernia," and acid reflux.

- Plaintiff told Defendant Nurse (name unknown) and other unknown staff that he needed an inhaler and was told to use another inmate's inhaler, referring to it as the "community inhaler."

- Plaintiff told and provided proof to "medical staff" including a nurse/doctor that he had an "upper GI" scheduled for that August but they ignored the records provided, claiming no records had been received.

- Plaintiff repeatedly filed grievances seeking undescribed mental health treatment and "repeatedly asked for mental health [treatment} but was ignored aside from bringing him "5 mg [illegible]" which appeared to be prescribed to someone else.

- Plaintiff filed a grievance regarding the medication he received belonging to another individual to which an unnamed Sargeant replied: "Spoke with medical

staff this medication is prescribed to you.  How would you know which card it came out of?"

*Id.* at 13-15, 33.

Plaintiff must provide specific details regarding the alleged denials of medical treatment outside of the grievances and requests he has filed, as well as the harm suffered as a result, in order to proceed.  As pleaded, aside from the above referenced specific allegations regarding Defendant Nurse, he makes no connection between any named defendants and his medical needs claims.  And, to the extent he seeks to proceed with these claims, Plaintiff should keep in mind that a prison official's failure to respond to a single grievance generally does not amount to deliberate indifference.  *See, e.g.*, *Crain v. Wilks*, No. 3:24-CV-984-HAB-APR, 2025 WL 2049312, at *4 (N.D. Ind. July 22, 2025) (failure of a prison official to respond to a single grievance filed by an inmate regarding smoke in his prison cell (which allegedly aggravated the inmate's medical condition) did not amount to deliberate indifference).  Moreover, and important to Plaintiff's deliberate indifference to medical needs claim proceeding, Plaintiff must allege how he was harmed by the actions of each named defendant as "Section 1983 presupposes that damages that compensate for actual harm ordinarily suffice to deter constitutional violations." *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 310 (1986).

### 3.  Claims 1 and 2 – civil conspiracy

In both Claims 1 and 2, Plaintiff alleges that remaining Defendants Marquez, JM52, Sgt. 97052, Long, JF 58, Cpl 97092, Hough, Brandon, Becky, and that a Sgt, Sheriff, Doctor, and Captain (names unknown) conspired to violate multiple constitutional rights. *See* Filing No. 61 at 10-11, 43.  In support of his conspiracy concerning Claim 1 he alleges

12

that these defendants denied requests for access to federal legal materials and/or legal aid, denied photos of legal information to assist him, and denied him information concerning his "federal hold." *Id.* at 32.  Regarding Claim 2, he alleges these defendants conspired to deny him access to medical care and/or provided substandard medical care. *Id.* at 12-13.

"To plead conspiracy, a complaint must [contain] specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." *Duvall v. Sharp*, 905 F.2d 1188, 1189 (8th Cir. 1990) (citing *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988)).  While a plaintiff need not show that each participant knew "the exact limits of the illegal plan," the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights. *Larson by Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir. 1996).  Plaintiff's Amended Complaint contains no such connection between any of the individual defendant's alleged actions and is therefore deficient as pleaded.

To the extent Plaintiff intends to raise a conspiracy claim relating to any remaining claim including Claims 1 and 2, Plaintiff must plead facts which establish an agreement between the defendants who allegedly participated in each alleged conspiracy.

### 4. Claim 3 – conditions of confinement at DCC

To the extent Plaintiff argues that the facilities at DCC do not meet constitutional muster because they are not identical in nature to federal facilities, *see* Filing No. 61 at 16-21, Plaintiff fails to understand what claims may proceed under §1983.  While Plaintiff argues that federal inmates "get a minimum of 1 ½ hours of sunshine and fresh air"

weekly, have lower cost telephone calls, have access to more "programs" designed to assist prisoners personally including substance abuse, psychological counselling, work programs, and anger management, a better array of food available, and a greater diversity of religious services, *see* Filing No. 61 at 19, he does not point to any specific constitutional right entitling him to any of these things, and provides minimal details who deprived him of them, or how he has been injured via their denial.  Moreover, from the allegations set forth in the Amended Complaint it appears Plaintiff does not intend to raise claims relating to individual defendants regarding the differences between DCC and federal facilities as he makes no claim that any individual named was responsible for these differences.

The Eighth Amendment also does not apply to conditions of confinement cases brought by pretrial detainees.  *Stearns v. Inmate Servs. Corp., et al.*, 957 F.3d 902 (8th Cir. 2020).   Instead, such claims must instead be analyzed under the Fourteenth Amendment as set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979), and must be considered with the following guidance provided by the Eighth Circuit in *Stearns*:

> In *Bell v. Wolfish*, the Supreme Court articulated the standard governing pretrial detainees' claims related to conditions of confinement. The Court held that the government may detain defendants pretrial and "may subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37.  The Court articulated two ways to determine whether conditions rise to the level of punishment.  A plaintiff could show that the conditions were intentionally punitive.  *Id.* at 538. Alternatively, if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose.  *Id.* at 538-39.  If conditions are found to be arbitrary or excessive, it is permissible to: infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* at 539.

*Stearns*, 957 F.3d at 907 (alterations in original) (citations omitted). The Constitution therefore prohibits conditions for pretrial detainees that: (1) are intentionally punitive; (2) are not reasonably related to a legitimate governmental purpose; or (3) are excessive to that stated purpose. *Id.* "In considering whether the conditions of pretrial detention are unconstitutionally punitive, we review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

Here, to the extent Plaintiff intends to raise a conditions of confinement claim addressing any of the alleged deficiencies set forth in Claim 3 (aside from his access to a federal law library/legal aid claim raised in Claim 1), he must explain how these deficiencies constitute a constitutional violation, meaning that Plaintiff must focus not on what is available at other facilities, but how the conditions he points out at DCC violate his constitutional rights.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted against any named Defendant and is subject to preservice dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). While the Court shall dismiss defendants the Dakota City County Sheriff's Department, the United States Marshal's service, and the Dakota County Jail from the proceeding, on the Court's own motion, Plaintiff will be given 30 days in which to file a second amended complaint that states a plausible claim for relief against any or all of the remaining Defendants and clearly explains what each Defendant did to him, when Defendants did it, how each Defendant's actions harmed him, and (where applicable in support of his civil conspiracy claims) facts establishing an agreement between the relevant defendants to deprive Plaintiff of a

15

constitutionally protected right.  Plaintiff is advised that any amended complaint he files will supersede his Amended Complaint, however Plaintiff may reference any documents previously filed in support by docket number in this case as opposed to refiling them.

IT IS THEREFORE ORDERED that:

1.      All claims against defendants the Dakota City County Sheriff's Department, the United States Marshal's service, and the Dakota County Jail are dismissed with prejudice.  The Clerk of Court is directed to terminate the Dakota City County Sheriff's Department, the United States Marshal service, and the Dakota City County Jail as parties in this case.

2.      All official capacity claims arising under *Bivens* against all defendants are dismissed with prejudice.

3.      All claims challenging Plaintiff's conviction and/or sentence also are dismissed without prejudice.

4.      Claim 4 is dismissed in its entirety without prejudice.

5.      Claim 3, to the extent Plaintiff seeks to rely on *United States v. Francis* to challenge the length of his sentence based on being housed in a non-federal  facility pretrial, is dismissed with prejudice.

6.      Plaintiff shall have until 30 days from the date of this Memorandum and Order to file a second amended complaint that clearly states a claim or claims upon which relief may be granted against any or all remaining named Defendants in accordance with this Memorandum and Order.  If Plaintiff fails to file a second amended complaint by the deadline, this matter will be dismissed without further notice unless Plaintiff files a written motion to extend the deadline before it passes.

7.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), in the event he files a second amended complaint.

8.      The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **June 29, 2026:** Check for second amended complaint.

Dated this 28th day of May, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge